[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15626
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cr-00073-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDERICK CLAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 22, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Frederick Clay appeals his above-Guidelines 300-month sentence for

committing armed bank robbery, brandishing a firearm during a crime of violence,

and being a felon in possession of a firearm. He claims that the district court (1) erred by denying him a two-level reduction for acceptance of responsibility, (2) abused its discretion by imposing an upward departure, and (3) issued a substantively unreasonable sentence by imposing both an upward departure and an upward variance. After review of the record and the parties' briefs, we affirm.

I.

In late 2007, Clay and two cohorts—Merkuri Stanback and Carmilla Davis—robbed the Park Community Federal Credit Union. Clay and Stanback possessed handguns while Davis was armed with a stun gun. The group entered the bank and immediately restrained two employees with cable ties. One of the male defendants found the manager, forced her to obtain the combination to the bank vault, and began to walk her towards it. He threatened to kill her—on two occasions—if she failed to cooperate. Two patrons, a mother and her 15-year-old daughter, then entered the bank. They too were restrained. During their entrance, the defendants again tied up the manager before eventually freeing her to open the vault. The group stole nearly $200,000 in cash from the bank, as well as two employees' purses, keys, etc. The day after the robbery, authorities searched Stanback's sister's residence and discovered two handguns, nylon cable ties, and almost $140,000 in cash, including some torn and dye-stained bills.

2

Clay eventually pleaded guilty to committing armed bank robbery,[1] brandishing a firearm during a crime of violence,[2] and being a felon in possession of a firearm.[3] He admitted each essential element of his illegal conduct but declined to name his co-indictees or even to say that he acted in concert with the other robbers. At the initial sentencing, the district court increased the base offense level by applying a number of enhancements. After the court applied the enhancements, Clay's Guidelines range was 205–235 months' imprisonment. The district court concluded that both an upward departure and an upward variance were necessary, and it imposed a 300-month sentence. Clay appealed. Before disposition of the appeal, the government conceded that the district court errantly applied one enhancement, and we remanded for re-sentencing.

At re-sentencing, the district court determined that Clay's base offense level was 20. It added three two-level enhancements because Clay (1) stole property from a financial institution, U.S.S.G. § 2B3.1(b)(1); (2) physically restrained a person to facilitate the commission of the offense, *id*. at 2B3.1(b)(4)(B); and (3) stole more than $50,000, but less than $250,000, from the bank, *id*. at

---

[1] 18 U.S.C. § 2113(a), (d).

[2] 18 U.S.C. § 924(c)(1)(A)(ii).

[3] 18 U.S.C. §§ 922(g)(1), 924(a)(2).

3

§ 2B3.1(b)(7)(C). Furthermore, the district court declined to give Clay a two-level acceptance-of-responsibility reduction because, despite timely admitting to his crime, he failed to identify his co-defendants or acknowledge that he was part of a group effort to rob the bank. Accordingly, the adjusted offense level totaled 26. With a level I criminal history category, the recommended Guidelines range was 63–78 months' imprisonment. But, pursuant to U.S.S.G. § 2K2.4(b), Clay's conviction for brandishing a firearm during a crime of violence required that he serve a consecutive term of 84 months' imprisonment, raising his Guidelines range to 147–162 months.

The district court, after calculating that Guidelines range, decided that an upward variance and an upward departure were necessary. It concluded that three facts, along with the § 3553(a) factors, necessitated a longer sentence. First, the court noted that "there were threats of death made by one of the male robbers in this case which was not fully taken into account" by the Guidelines. Second, it concluded that the Guidelines adjustment for restraint during the commission of a crime did not adequately reflect that (1) four individuals were restrained, (2) one individual's hands and feet were bound, (3) a 15-year-old girl and her mother were subdued, and (4) the bank manager was restrained, released, and restrained again. Third, the Guidelines did not account for "[t]he fact that there were two handguns

4

and an electrical stun gun." In closing, the district court listed the § 3553(a) factors and concluded that a sentence of 300 months' imprisonment more appropriately complied with the purposes of sentencing.

## II.

Clay first argues that the district court erred by failing to credit him with an acceptance-of-responsibility reduction. He emphasizes that he timely admitted to all of his own illegal conduct alleged the indictment. Clay believes that his denial that Stanback and Davis were involved is irrelevant because he took responsibility for own his criminal conduct. Clay contends that the district court conflated the requirements for an acceptance-of-responsibility reduction and a substantial-assistance reduction.

"We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error." *United States v. Williams*, 408 F.3d 745, 756 (11th Cir. 2005) (per curiam). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.3. Therefore, the district court's denial of the reduction "is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009) (quotation marks omitted).

5

A defendant may receive a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant who pleads guilty is not entitled to an acceptance-of-responsibility reduction as a matter of right, although a timely guilty plea and a truthful admission of the offense and any relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3 constitutes significant evidence of acceptance of responsibility. *Id*. § 3E1.1(a) cmt. n.5. In contrast, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id*. § 3E1.1(a) cmt. n.1(a). In the case of a jointly undertaken criminal activity, regardless of whether the offense is charged as a conspiracy, a defendant's relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *Id*. § 1B1.3(a)(1)(B).

With these principles in mind, we conclude that the district court did not commit clear error in declining to give Clay an acceptance-of-responsibility reduction. As his relevant conduct undoubtedly included the actions taken by Stanback and Davis, Clay's continued denial that he engaged in jointly undertaken criminal activity provided a sufficient basis for the district court's denial of the

reduction.

III.

Clay next argues that the district court erred in imposing an upward departure and an upward variance because it relied on aggravating factors that the Guidelines took into account. Specifically, the death threats, the use of firearms, and the restraint of victims were all part of the Guidelines range calculation. Accordingly, he believes that the district court impermissibly double-counted those facts.

"We review a district court's decision to depart from the Guidelines for an abuse of discretion." *United States v. Melvin*, 187 F.3d 1316, 1320 (11th Cir. 1999). We also review the substantive reasonableness of a sentence under the abuse-of-discretion standard, *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009), which "allow[s] a range of choice for the district court, so long as that choice does not constitute a clear error of judgment," *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

A district court may depart from the Sentencing Guidelines if it determines that "an aggravating factor exists that places the case outside of the Guidelines' heartland." *Melvin*, 187 F.3d at 1320; *see* U.S.S.G. § 5K2.0(a)(3) (allowing courts to depart where a "circumstance is present in the offense to a degree substantially

7

in excess of, or substantially below, that which ordinarily is involved in that kind of offense"). "Whether a case is unusual enough to fall outside of the heartland is determined in large part by comparison with other Guidelines cases." *Melvin*, 187 F.3d at 1320. "Because the district courts see so many Guidelines cases, district courts have an institutional advantage over appellate courts in determining whether a case is outside the heartland, and thus their decisions are entitled to substantial deference." *Id.* Even if the Guidelines already take a factor into consideration, the district court may still use that factor as a basis for a departure if it is "present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon v. United States*, 518 U.S. 81, 96, 116 S. Ct. 2035 (1996), *partially abrogated by statute on other grounds as recognized in United States v. Mandhai*, 375 F.3d 1243, 1249 (11th Cir. 2004). In reviewing the extent of a district court's departure, we must consider whether the sentence is reasonable in light of the 18 U.S.C. § 3553(a) factors and the reasons that the district court provided for the departure. *Melvin*, 187 F.3d at 1322–23; 18 U.S.C. § 3742(e)(3)(C).

The party challenging the reasonableness of a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th

Cir. 2005) (per curiam). Section 3553(a) requires courts to consider its oft-repeated factors in determining a reasonable sentence. *See id*. at 786. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (alterations and quotation marks omitted). Generally, a sentencing court should support a major departure from the Guidelines range with a more significant justification than it would a minor departure. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

Here, we decline to conclude that the district court abused its discretion by departing and varying upward from the Guidelines range. Though Clay is correct that the Guidelines account for some of the aggravating factors on which the district court relied, he fails to appreciate that the court can impose additional penalties when it determines that the enhancements and Guidelines range do not appropriately capture the conduct at issue. First, while the two-level enhancement for restraining *a* victim was taken into account, the Guidelines did not factor in that the defendants (1) restrained at least five victims, including a 15-year old girl, and (2) restrained, released, and again restrained the bank manager. Second, while a death threat ordinarily justifies an enhancement, the district court included no

9

such enhancement when calculating Clay's Guidelines range. The district court's consideration of the two threats—made while a gun was being pointed at the bank manager—was not inappropriate. Third, while Clay's conviction for brandishing a firearm during a crime of violence did mandate a seven-year consecutive sentence, the district court correctly pointed out that that did not take into account the fact that multiple assailants used multiple handguns and a taser to further the bank robbery. Finally, after specifically articulating the § 3553(a) factors it thought warranted an upward variance, the district court concluded that the purposes of sentencing would not be advanced by a sentence within Clay's Guidelines range. Accordingly, because the district court provided a meaningful explanation of its decision, we believe that the sentence imposed was within the district court's range of discretion.

IV.

Based on the foregoing discussion, we affirm.

**AFFIRMED.**